UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 11cr05851 JAH |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO REDUCE SENTENCE** [Doc. No. 37] |
| v. | |
| GUILLERMO LOZANO-RIZO, | |
| Defendant. | |

Pending before the Court is Defendant's motion to reduce his sentence pursuant to 28 U.S.C. § 3582 (c)(2). See Doc. No. 37. The government opposes the motion.

## BACKGROUND

On January 12, 2012, Defendant plead guilty to knowing and intentional importation of methamphetamine in violation of Title 21, United States Code sections 952 and 960. See Doc. Nos. 10, 13. At a sentencing hearing, this Court sentenced Defendant to 130 months imprisonment followed by five years of supervised release. See Doc. No. 31.

## DISCUSSION

Defendant seeks a two-point reduction to his base offense level pursuant to Amendment 782, which revised the guidelines applicable to drug offenses by reducing the offense levels for drug and chemical quantities. The government maintains Defendant is not entitled to any further reduction of his sentence because his original sentence is lower than his amended guidelines. Specifically, Plaintiff maintains Defendant's new guideline

1

range, without the benefit of the departure for Fast Track and variance, is 210 to 262 months.

Under section 3582(c)(2), a court may modify a term of imprisonment if a defendant has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." A court conducts a two-step analysis when proceeding under section 3582(c)(2): step one requires a court to determine the defendant's eligibility for modification and extent of reduction by determining what the guideline range would have been if the amendment had been in effect at the time of sentencing, and step two instructs a court to consider any applicable section 3553(a) factors and determine whether the reduction is warranted. Dillon v. U.S., 560 U.S. 817, 827 (2010).

At the sentencing hearing, this Court found a base offense level of 38, a 2 level enhancement for importation of methamphetamine, and -3 adjustment for acceptance of responsibility and a 4 level downward departure for Fast Track, and a criminal history category of III, resulting in a guideline range of 168 to 210 months. Defendant is not entitled to the Fast Track downward departure in his amended guideline range or variance. See United States v. Aragon-Rodriguez, 624 Fed.Appx. 542, 543 (9th Cir. 2015). His amended guideline range, without considering the four-level fast-track departure and variance, based upon a base offense level of 36, +2 for importation of methamphetamine, and -3 for acceptance of responsibility is 210 to 262 months. Because his original sentence is lower than his amended guideline range, Defendant is not entitled to a reduction of his sentence. USSG § 1B1.10(b)(2)(A).

Accordingly, **IT IS HEREBY ORDERED** Defendant's motion to reduce his sentence is **DENIED**

DATED: November 20, 2018

_____
JOHN A. HOUSTON
United States District Judge

2

11cr05851 JAH